UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Chambers of
**Joseph A. Dickson**
United States Magistrate Judge

Martin Luther King, Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102
(973-645-2580)

## LETTER ORDER

June 5, 2017

*All counsel of record via ECF*

> **Re:** **United States v. Romero Carolina**
> **Criminal Action No. 17 mj 3021 (JAD)**

This matter having been opened to the Court upon the application of Leticia Olivera, Esq. on behalf of Romero Carolina for an Order for pretrial release on bail pursuant to 18 U.S.C. §3142. On May 24, 2017, the parties appeared before this Court for a bail hearing. The Court reserved. (Ct. Tr. 5/24/17 at 10). For the reasons discussed below, the Court denies Defendant's application.

### I. Procedural Background

The Criminal Complaint ("Complaint") alleges that on February 27, 2017, Defendant "did knowingly and intentionally conspire and agree with others to distribute and possess with intent to distribute 1 kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule 1 controlled substance, contrary to Title 21, United States Code, Sections 841(a) (1) and (b) (1) (A). (Compl. ECF No. 1 at 2).

### II. Legal Standard

The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required . . ." U.S. Const. Amend. VIII. Although the Eighth Amendment does not "grant an absolute right to bail, there is a substantive liberty interest in freedom from confinement."

United States v. Perry, 788 F. 2d 100, 112 (3d Cir. 1986). Consistent with these principles, the Bail Reform Act of 1984 (the "Act") favors pretrial release and imposes a duty on federal courts to make a determination regarding the bail status of the federal criminal defendant. 18 U.S.C. §3142 (a).

When rendering such a determination, the Act's provisions "effectively limit judicial consideration. . . . to two relevant criteria: the risk that the defendant will flee and the risk that he will pose a danger if admitted to bail." United States v. Provenzano, 605 F.2d 85, 93 1979 U.S. App. LEXIS 12333 (3d Cir. N.J. Aug. 21, 1979). The court must not only determine whether an applicant poses such risk, but also measure them "in terms of conduct that cannot be reasonably safeguarded against by an imposition of conditions upon the release." Id. at 93-94. Whenever a court can fashion the conditions of an applicant's release in such a manner that the danger may be averted, *it must do so* and grant the motion for release." Id. at 94 (emphasis added). It is therefore clear that bail should only be denied as a matter of last resort. Id.

Where the Government seeks detention based on the defendant's alleged "danger to the community", it must provide clear and convincing evidence. 18 U.S.C. 3142(f). Clear and convincing evidence means proof that the defendant actually poses a danger, not that the defendant in theory poses a danger. United States v. Patriarca, 948 F. 2d 789, 792 (1st Cir. 1991). The Government must essentially show that the danger posed by the defendant is "of such dimension that only his incarceration can protect against it." Provenzano, 605 F.2d at 94.

### III.   Discussion

Defendant was born on October 31, 1975 in Newark, New Jersey. Defendant resides at 504 Lincoln Place, 2nd Floor, Orange, New Jersey 07050. Defendant lives with his six-year old son, his girlfriend, Christy Vandizer, her daughter Naiyah Lampley and his girlfriend's mother

Margaret Vandiver. At the May 24, 2017 hearing, Defense counsel states that Defendant plays an active role in his six-year old son's life. (Ct. Tr. 5/24/17 at 4:16-23).

Defendant's counsel proposes that Defendant be released on an unsecured appearance bond and be permitted to live with his girlfriend Christy Vandizer at the above referenced address. Counsel indicates that Defendant is amenable to location monitoring and supervision. According to the United States Pretrial Services Office ("PTS"), they have approved Christy Vandizer and Defendants friend Terrance Phillips to serve as a third party custodian. (PTS Ltr. at 1).

On May 24, 2017, the Court held a bail hearing. There, Ari Fontecchio, Assistant United States Attorney ("the Government") argued that Defendant should not be released because there is no set of conditions that would reasonably assure the safety of the community and Defendant's appearance at trial and that Defendant will not abide by the conditions of release. (Ct. Tr. 5/24/17 at 5:14-16). The Government notes that Defendant is facing a "ten to life" sentence. (Id. at 5:17-20). Furthermore, home confinement is not sufficient as "Mr. Carolina's involvement in the heroin trade operated on remote delivery." (Id. at 5:21-25). The Government explained that placing Defendant "on a bracelet, or monitoring him in any way is not going to prevent him from remaining in the heroin trade" because Defendant was using the postal service as a means of transporting and receiving the drugs directly to his home. (Id. at 8:6-16).

Counsel asserts that "[t]he government has not made a sufficient showing that home confinement and electronic monitoring would not be sufficient to [] to protect against the many dangers posed by Mr. Carolina or his alleged involvement in drug activity." (Id. at 7:1-5).
Defense Counsel argued that based on the factors enumerated in the Bail Reform Act, "Mr. Carolina does not present a risk of flight or a danger to the community, much less one that cannot be reasonably guarded against by the conditions that are proposed in the bail package. . . ." (Ct.

Tr. 5/24/17 at 4:1-6). Counsel submitted that Defendant did not have a U.S. Passport. (Id.). Defense counsel proposed that Defendant be released to his girlfriend. (Id. at 4:7-15). In addition, his bail package included two co-signers. (Id.). Defendant's counsel contends that there is no "allegation of violence in the complaint." (Id. at 5:2-11). Additionally, counsel contends, "Mr. Carolina is ready, willing and able, to submit to electronic monitoring and home confinement, and we believe that the condition will more than sufficiently assure the Court that he does not present a danger to the community." (Id.). Counsel added that Defendant was willing to "submit to a condition that prohibits him from attaining a new cell phone number. (Id. at 11).

Pretrial Services "recommends that the defendant be detained as there is no condition or combination of conditions that will reasonably assure the defendants appearance in court and assure the safety of the community." (PTS Ltr. 5/24/17 at 3).

The Court finds that the Government has proven by clear and convincing evidence that Defendant poses a danger to the safety of the community. In making its determination, the Court has reviewed the Complaint, the parties' arguments, PTS' recommendation and reports containing Defendant's criminal history. In reviewing Defendant's record, it is clear that Defendant has truly led a life of crime. On November 8, 1996, Defendant was found guilty of aggravated assault, robbery, unlawful possession of a weapon and conspiracy and was sentenced to seventeen years in prison. (PTS Rep. 5/24/2017 at 5). On April 22, 2005, Defendant was found guilty of resisting arrest and unlawful possession of a weapon and was sentenced to 3 years in prison. (Id. at 5). On February 27, 2008, Defendant was found guilty of CDS on school property and was sentenced to three years in prison. (Id.). On October 13, 2011, Defendant was found guilty of obtaining CDS and sentenced to three years in prison. (Id. at 6). On February 16, 2017, Defendant was released from probation and on March 3, 2017, the instant Complaint was filed. (PTS Rep. 5/24/2017).

Pretrial Services indicates that the Defendants criminal record reveals that he violated his parole on one occasion. "According to the defendant, this parole violation stemmed from a new arrest for weapon and drug offenses while he was on parole supervision." (PTS Rep. 5/24/2017 at 7). Furthermore, Pretrial Services notes that Defendant "was cited for Driving Under the Influence (DUI) on two occasions." (PTS Rep. 5/24/2017 at 7).

The record indicates that Defendant was initially detained in a vehicle near the Post Office. (Comp., ECF No. 1, Attachment B). The specific facts leading to Defendants arrest (regarding the allegation of having the drugs delivered by mail) and Defendants criminal record lead the Court to conclude that living at home will not sufficiently deter Defendant's apparent propensity to engage in more criminal activity. The Court finds that home incarceration does not adequately assure the safety of the community.

### IV.  Conclusion

For the foregoing reasons, Defendant's application for pretrial release on bail pursuant to 18 U.S.C. §3142 is **DENIED**.

**SO ORDERED**

_____
**JOSEPH A. DICKSON, U.S.M.J.**